UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA L. WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05 C 5239 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On August 7, 2006, the Court issued a Memorandum Opinion and Order remanding Debra Williams' case to the Commissioner of Social Security. Shortly thereafter, Ms. Williams' attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in her favor and secured a remand, Ms. Williams is the prevailing party. The Government concedes as much, but argues that fees are not appropriate because the Commissioner's position was substantially justified; at a minimum, the Government argues, the fee request is excessive and must be reduced.

The Government has the burden of establishing that its position was "substantially justified" – that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). It has not met its burden here; as the Court explained in its August 7, 2006 opinion, the ALJ's decision was so deficient, meaningful review was not even possible. The Court determined that the ALJ's findings and conclusions failed to comport with Social Security Regulations and Seventh Circuit jurisprudence; it is hard to imagine that the Government was able to conclude that the decision was well-grounded in the record and in the law. The Court, therefore, finds that an award of fees is appropriate.

Having determined this much, the Court must next determine what amount should be awarded. In his initial application, Ms. Williams' counsel sought to recover fees totaling $6,913.65 and costs totaling $250.00. The fee request included: 6.7 hours of attorney time worked in 2005 (seemingly billed at several different rates hovering around $156 to $157 per hour); and 35.8 hours of attorney time worked in 2006 (seemingly billed at several different rates hovering around $157 to $158 per hour). In his reply brief, counsel seeks another 4 hours of attorney time (billed at the rate of $157.50 per hour). The Government does not challenge the hourly rates proposed by counsel. But it does argue that the number of hours billed is excessive.

With regard to the hourly rates, the Court finds that $156.25 is the reasonable rate for time billed in 2005 and that $157.50 is the reasonable rate for time billed in 2006. Unlike counsel, the Court will consistently use those rates in calculating the award.

With regard to the number of hours billed, the Court agrees with the Government that some of the time billed should be disallowed. First, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). Thus, the Court will reduce the award by 4.7 hours. This reduction covers the entries for secretarial or clerical tasks billed on 9/11/05, 12/6/05, 12/7/05, 12/22/05, 12/23/05, 3/8/06, 4/10/06, 4/22/06 and 9/20/06. Also included in the reduction is part (1.5 hours) of the entry for 9/6/05; although counsel did not specify how much of the total time entry for that day was

3

allocated to drafting the complaint and how much was allocated to the clerical tasks identified in the entry, the Court finds that it should have taken counsel no more than 1 hour to prepare what was essentially a boiler-plate, 2-page complaint.

Additionally, the Court will disallow time spent reviewing the Appeals Council's decision. This task would presumably be covered in the 3.0 hours counsel spent reviewing the administrative record, not including the medical records and the hearing transcript, which are covered in separate time entries. To the extent the 2/10/06 entry is not intended to cover counsel's review of the Appeals Council's decision, the Court would find that the time spent reviewing this part of the file – i.e., the part that does not include the medical records or the hearing transcript – was excessive and cut the time by 2.0 hours. Either way, the total time must be reduced by 2.0 hours.

The Court will also award just half of the time sought in the entry for 8/10/06; it should not have taken counsel two hours to review an opinion that was just 42 pages and double-spaced, and the Court can see no reason to award counsel fees for time he spent reviewing cases cited in a decision that came out his way.

Finally, the Court notes that counsel is seeking 4.0 hours for his reply EAJA brief, when he sought just 3.0 hours for his initial brief. The Court finds that this is unreasonable and will, therefore, reduce the time spent on the reply brief by 2.5

4

hours.

With the exception of the reductions noted above, the Court will allow counsel to recover fees for the remainder of the time billed. The Court will allow counsel to recover 1.1 hours of attorney time for work performed in 2005, at the rate of $156.25 per hour (for a total of $171.88); and 34.2 hours of attorney time for work performed in 2006, at the rate of $157.50 per hour (for a total of $5,386.50). The Court will also allow counsel to recover the $250.00 filing fee. See 28 U.S.C. §2412(a)(2).

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Ms. Williams and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees and costs in the amount of $5,808.38. Said amount is to be paid to Ashley S. Rose, Ms. Williams' counsel.

Dated: January 4, 2007

ENTER:

*[signature: Arlander Keys]*

ARLANDER KEYS
United States Magistrate Judge